# N. Y. SUPERIOR COURT.

MARGARET KENNEDY agt. WILLIAM H. KENNEDY.

*Divorce—What necessary to sustain action for, on the ground of cruel and inhuman treatment.*

In an action for a limited divorce on the ground of cruel and inhuman treatment, it is unnecessary to sustain the charge that there should be personal violence.

Threats and menace from which danger to health or life may be apprehended is sufficient, though the cause of apprehension should not only be weighty but such as clearly showing that the duties and obligations of the marriage state cannot be discharged.

Charges of infidelity, made maliciously without probable cause, are sufficient to sustain the action.

*General Term, December,* 1880.

*Before* SPEIR *and* RUSSELL, *JJ.*

*Roger A. Pryor,* for plaintiff.

*Develin & Miller* and *W. A. Beach,* for defendant.

SPEIR, *J.*— The action is brought by plaintiff, the wife of the defendant, for a limited divorce, on the allegation of cruel and inhuman treatment, and for such conduct on the part of the husband towards his wife as rendered it unsafe and improper for her to cohabit with him.

Upon a careful examination of the record, we see no reason for complaint in regard to the findings of the facts by the court below. The only question which it is necessary to examine on this appeal, therefore, is one of law, and it was earnestly discussed by counsel on the argument. The defendant claims that the evidence did not uphold the legal conclusions of the court. In support of this proposition refer-

ence is made to the decision of the court of appeals when this case was before it in review of the order for alimony (73 *N. Y.*, 374), when the issues in the pleadings had not been determined. It was claimed by the defendant that it did not appear, from all the papers and proofs presented, that the plaintiff ought to recover, and that, therefore, alimony should be denied. The court say if the facts stated in the complaint are clearly not sufficient, if true, to constitute a cause of action, alimony cannot be granted. And it was held that it would not pass upon the merits of conflicting allegations on proofs upon a motion for alimony; that such a motion being one of discretion as to the propriety of granting it, the court would not review the exercise of that discretion in the court below. The only question, therefore, decided by the appellate court, was that the court below had the power to allow alimony, and the appeal was dismissed. The chief justice, in commenting upon the difficulty of defining in precise words what constitutes "cruel and inhuman treatment," quotes the following (1 *Bishop on Mar. and Div.*, 717, *note*) as being concise and comprehensive: "There must be either actual violence committed, with danger to life, limb or health, or there must be a reasonable apprehension of such violence." Consequently, the case referred to is no authority, the case as now presented not being before the court. The decision furnishes us with the definition of "cruel and inhuman treatment," and, so far, is useful as an authority.

It seems to us from the expressive words used in the statute it is unnecessary there should be personal violence to constitute cruel and inhuman treatment. It plainly refers in terms to a species of unkind treatment accompanied by threats and words of menace, the inevitable consequence, of which, by continued indulgence, violence may reasonably be apprehended, and result to the wife, unless prevented, in danger to life, limb or health. It is, however, of the greatest importance that the cause of apprehension should not only be weighty, but such as clearly showing that the duties and

obligations of the marriage life cannot be discharged. The mutual dependence of our mental and physical organizations creates a mysterious sympathy, and exists under certain conditions, that when disturbed it seems impossible to distinguish between them as to the cause and effect produced by either. The defendant's treatment of his wife was cruel and inhuman within the meaning of the statute, and such as to render it unsafe for her longer to endure his conduct and continue to cohabit with him. He on various occasions wantonly and maliciously charged her with unchastity and infidelity to her marriage vows. Shortly after the birth of a child, he reproached her with a denial that he was the father of the child. On another occasion he said "he wished he could murder her." "I will keep you here, living miserably, and I will make you live a wretched life yet." These charges of infidelity, as appears from the evidence, were frequent and continuous, and were urged maliciously and without probable cause. He declared to various witnesses "that he never believed his wife to be guilty of adultery, and never suspected her of such guilt."

The cases are too numerous for citation, that false and malicious accusations of adultery against the wife is "cruel and inhuman treatment," in the sense of the statute. The conduct of the defendant, not only in this respect, but his foul and blasphemous language and threats of violence towards her, seem to have been habitual.

Under all the circumstances of the case, we are of the opinion, as expressed in some of the cases, "that the court must not wait until the threats are carried into execution, but must interfere when the words raise a reasonable apprehension of violence." The judgment should be affirmed.