## ELIZA WASKAM *v.* JAMES M. WASKAM.

HUSBAND AND WIFE : DIVORCE.—Mere intemperance in the husband's habits, connected with harshness of manner, and threats of violence, and indecency of conduct, are not sufficient grounds for a divorce *a mensa et thoro*.

APPEAL from the Chancery Court at Yazoo city. Hon. Selden S. Wright, vice chancellor.

The appellant filed her bill in the court below against her husband, the appellee, seeking for a divorce *a mensa et thoro*, to which he demurred; and the demurrer being sustained, and the bill dismissed by the vice chancellor, Mrs. Waskam appealed.

The bill charged, as grounds for the relief sought, "that the general habits of the appellee are so irregular and bad, that the effect is an entire neglect of business." "That he is an habitual drunkard, which entirely unfits him for the discharge of duties of

any kind, and unsafe to have the management and control of a family." "That they have several children of tender age, and that his conduct before them is vicious, indecent, and demoralizing." "That his manner towards her is violent, abusive, and cruel; and that she is in daily apprehension of violence to her person; and that on one occasion he threatened to use violence upon her person; and that his habitual treatment of her is cruel."

*Burns* and *Dougherty*, for appellant,

Cited *Payne* v. *Payne*, 4 Humph. R. 500; 5 Eng. Eccl. R. 296; 2 Ib. 208; 3 Ib. 329; Parsons, Select Equity Cases, 335.

*Jones* and *Bowman*, for appellee,

Cited Hutch. Code, 496, § 6; 1 Haggard, Const. R. 35; *Waring* v. *Waring*, 1 Phillimore, R. 132; *Westmeath* v. *Westmeath*, 2 Hagg. Eccl. R. 72; *Harris* v. *Harris*, 1 Phillimore, R. 111; *D'Aguila* v. *D'Aguila*, 1 Haggard, R. 775; *Barrere* v. *Barrere*, 4 Johns. C. R. 196; *Warren* v. *Warren*, 3 Mass. R. 321; *Hill* v. *Hill*, 2 Ib. 149; 2 Kent, Com. 126, 127; *Perry* v. *Perry*, 2 Paige, 502; *Shaw* v. *Shaw*, 17 Conn. R. 189; *Kenly* v. *Kenly*, 2 How. Miss. R. 752.

PER CURIAM.—This was a bill by the appellant in the Vice Chancery Court holden at Yazoo city, against the appellee, for a divorce *a mensa et thoro.*

The allegations of the bill do not show that the appellee had been guilty of such extreme cruelty as is necessary to bring the case within the operation of the statute. It shows the appellee to be a man of intemperate habits, and of such manners and conduct as would necessarily be produced by such habits. But mere intemperance in a man's habits, harshness of manner, and, in the language of the bill, indecency of conduct, are not sufficient. The cruelty must be something more than mere injuries to a person's sensibility or sense of delicacy.

Decree affirmed.