## CATHERINE F. MAHONE *v.* JOHN R. T. MAHONE.

To constitute "habitual intemperance" within our divorce statute, it is not necessary that the habit of drinking intoxicating liquors to excess be of such a character as to render the party *at all times* incapable of attending to business; but if there be a habit of drinking to excess to such a degree as to disqualify the party from attending to his business during the principal portion of the time usually devoted to business, it is habitual intemperance—although at intervals he may be in a condition to attend to his business.

Where the wife sues for divorce on the ground of extreme cruelty, and the acts proven were frequently beating, kicking, choking, calling her by the vilest names, and the Court, after stating that differences between husband and wife incident to human nature, occasioning temporary estrangements and strifes, and sometimes accompanied by violence, are not a sufficient ground for divorce, gave the following charge: "The acts must be persistent, and the cruelty must be so extreme in its nature that in itself it furnishes an apprehension that the continuance of the cohabitation would be attended with bodily harm to the wife:" *Held,* that the charge was too strong; that such acts of cruelty need not be persistent, nor become a fixed habit, before relief and safety can be had by divorce.

APPEAL from the Sixth District.

The complaint claimed a divorce on the grounds of habitual in-

Mahone *v.* Mahone.

temperance and extreme cruelty, without specifying the nature of the acts of cruelty.   The proof on the part of plaintiff, was to the effect that defendant was frequently cruel, harsh and tyrannical toward his wife ; that he frequently, in the presence of others, called her a b—ch, a black b—ch, wh—e, squaw, and cursed her ; and struck, shook and choked her, leaving the marks on her person for weeks.   These epithets were used, and the acts of violence committed, when defendant was in liquor ; but this, according to the testimony of a large number of witnesses, was most of the time.

Defendant introduced witnesses who testified that he was not in the habit of drinking to excess, and that he was kind to his wife— some of the witnesses having lived in the family.

The Court instructed the jury, among other things, as stated in the opinion of this Court, and submitted these two questions :

1st. Was the defendant, prior to January 23d, 1860, (the time of commencing suit) habitually intemperate ?

2d. Was the defendant, on and before January 23d, 1860, and during the existence of the marriage, guilty of such extreme cruelty toward plaintiff as furnishes reasonable apprehension that the continuance of the cohabitation would be attended with bodily harm to her ?

To each of which questions the jury answered : " No."

Judgment for defendant, and dismissing the complaint.   Plaintiff appeals, her motion for new trial having been overruled.

*Hyer*, for Appellant, cited, upon the question of " habitual intemperance," Webster's and Worcester's Dic. ; *Commonwealth* v. *Whitney*, 6 Gray, 85 ; 11 Cushing, 479 ; 2 Bishop Cr. Law, sec. 267 ; *Gardner* v. *Gardner*, 22 Wend. 535 ; *Sedgwick* v. *Commonwealth*, 6 Harris, (Penn.) 164 : and upon the question of extreme cruelty, 9 Dana, 53 ; *Barrere* v. *Barrere*, 4 Johns. Ch. R. 187 ; Coke Car. 463 ; *Perry* v. *Perry*, 2 Paige, 503 ; *Whispel* v. *Whispel*, 4 Barb. 219 ; *Cohen's Case*, Hetley, 149 ; *Jelineau* v. *Jelineau*, 2 Desauss, 45 ; *Westmeath* v. *Westmeath*, 2 Hagg Con. Sup. 1 ; *Kirkman* v. *Kirkman*, 1 Hagg, 409 ; *Holden* v. *Holden*, Id. 453 ; *Lockwood* v. *Lockwood*, 2 Curt. 281 ; Bishop Marr. and Div. 480, 498 ; *French* v. *French*, 4 Mass. 587 ; *Dysart* v. *Dy-*

*sart*, 1 Robertson, 106 ; *D'Aguilar* v. *D'Aguilar*, 1 Hagg, 773 ; 1 Hagg Eccl. 22.

*Frank Hereford*, for Respondent, cited *Sedgwick* v. *Commonwealth*, 6 Harris, 174 ; *Morris* v. *Morris*, 14 Cal. 80.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action for a divorce, on the grounds of habitual intemperance and of extreme cruelty.   On the trial, the Court gave the following charge : " Habitual intemperance is not, as is claimed by plaintiff, such customary use to excess of intoxicating liquors as shall render the habit permanent, and at times unfit one for business ; but it must be such an addiction thereto as shall completely disqualify the party from attending to his business avocations." This charge was too stringent.   The idea conveyed by it to the jury must have been that the habit of drinking to excess must be of such a character as to render a party at all times incapable of attending to business.   This is not necessary.   If there is a fixed habit of drinking to excess to such a degree as to disqualify a person from attending to his business during the principal portion of the time usually devoted to business, it is habitual intemperance—although the person may at intervals be in a condition to attend to his business affairs.

As to the ground of extreme cruelty, the Court, after stating that differences between husband and wife incident to human nature, occasioning temporary estrangements and strifes, and sometimes accompanied by violence, are not a sufficient ground for divorce, gave the following charge : " The acts must be persistent, and the cruelty must be so extreme in its nature that in itself it furnishes an apprehension that the continuance of the cohabitation would be attended with bodily harm to the wife."   This charge, we think, also was too strong.   Acts of cruelty such as are specified need not be persistent, need not become a fixed habit, before relief and safety can be had by a divorce.

Judgment reversed, and cause remanded for a new trial.