# JANUARY TERM 1882.

CATHERINE E. HOLTHOEFER v. CASPAR J. HOLTHOEFER.

*Divorce—Extreme cruelty—Venereal disease.*

The communication of a venereal disease by a husband to his wife may be such extreme cruelty as to justify a divorce on her application.

The fact that a wife, whose chastity is unsuspected, is found to have a venereal disease is not sufficient evidence that the disease was communicated to her by her husband.

Appeal from Superior Court of Detroit. Submitted October 12, 1881. Decided January 5, 1882.

DIVORCE. Complainant appeals. Affirmed.

*Wisner & Speed* for complainant. Communication of a venereal disease is extreme cruelty warranting a divorce: *Canfield v. Canfield* 34 Mich. 519; condonation is not to be hastily presumed against a wife: 2 Bish. Mar. & Div. § 49; *Gardner v. Gardner* 2 Gray 441; *Beebe v. Beebe* 3 E. C. L. 341; *Armstrong v. Armstrong* 32 Miss. 290; *Bowic v. Bowic* 3 Md. Ch. 55; *Reese v. Reese* 23 Ala. 787; and cohabitation is not conclusive evidence thereof: *Hollister v. Hollister* 6 Penn. St. 452; *Reynolds v. Reynolds* 3 Keyes 368.

*James T. Keena* and *John Atkinson* for defendant. Divorce for venereal disease is not granted if the disease is not clearly shown: *Briggs v. Briggs* 20 Mich. 34.

COOLEY, J. The bill in this case is filed for a divorce from the bonds of matrimony for the cause of extreme cruelty. There are several specifications of cruel conduct,

but there has been little attempt to sustain more than one. The one on which complainant relies is the communication to her of a venereal disease.

The evidence by complainant's physician and nurse seems to put the fact beyond question that complainant was afflicted at one time with the disease. The question in dispute, therefore, is whether the disease was communicated to her by the defendant; it being conceded that, if it was, a case of extreme cruelty is made out. *Canfield v. Canfield* 34 Mich. 519. On the evidence the case is quite peculiar. No charge is made and no suspicion suggested against the chastity of the complainant. On the other hand there is no evidence against the defendant except the single fact that his wife is found to be diseased. If it were impossible that a virtuous wife should contract such a disease otherwise than from the husband, perhaps the fact already stated should under the circumstances be sufficient proof of his guilt. But it is conceded that the wife may innocently acquire the disease in other ways, and the wife's case may therefore require to be supported by negative evidence that she has not in any manner been exposed. There is some such evidence in this case.

On the other hand it is shown on the part of the husband that immediately on its coming to his knowledge that he was charged with this cruelty, he submitted his person to examination by a reputable physician, who discovered no signs of the present or past existence of the disease. This it is true was several months after complainant claims to have ascertained her condition, but it is not entirely without weight, especially when complainant's case is left to rest on inference.

On the argument stress was put upon the fact that defendant was willing, after learning the condition of his wife, to continue the relation as before. This, it is argued, could hardly have been the case if he were not conscious of being the guilty cause of her condition. But we are by no means satisfied of this. If he were conscious of his own integrity and also of the chastity of his wife, his course would have

been both proper and natural.   But it is quite possible, also,.
that he may not have been satisfied that the physician and
nurse were correct in their opinion respecting the nature of
the wife's disease.   An error on their part would naturally
be suspected if he knew he was without fault, and believed
that his wife was.

On the whole we are not satisfied that cause is shown for
a divorce and the decree denying it must be affirmed.

MARSTON, C. J. and GRAVES, J. concurred.

CAMPBELL, J.   I think complainant's case was made out..
As the case is entirely one of fact is not necessary to discuss
it, inasmuch as my brethren are agreed to the contrary.