Thomas P. Wickes, Esq., Referee.
—[After stating that-the charge of abandonment and drunkenness had not been sustained, the referee held that, even if the charge of drunkenness were true, it would not by itself be sufficient to entitle a party to divorce upon the ground of cruel and inhuman treatment: Citing Mason v. Mason, 1 Edw. 278; Camp v. Camp, 18 Texas, 528 ; Waskam v. Waskam, 31 Miss. 154; Scott v. Scott, 29 L. J. (Matrimonial Cases) 64; Hudson v. Hudson, 3 Sw. & Tr. 314; Brown v. Brown, 1 L. R. Prob. & Div. 46; and distinguishing Mahone v. Mahone, 19 Cal. 626 ; and Wheeler v. Wheeler, 53 Iowa, 511. As to the threat of personal violence, the referee held that the testimony did not show that the plaintiff had any apprehension of personal-injury at the time, and that even assuming that the particular threat had been made, it fell short of legal cruelty as defined in similar cases: Citing Henderson v. Henderson, 88 Ill. 248; Mason v. Mason, 1 Edw. 278, 291; Kennedy v. Kennedy, 73 N. Y. 369, 374 ; 1 Bishop on Mar. & Div. 6 ed. § 717; Stewart on Mar. & Div. §§ 263, 264. The referee then continued :]
We thus come again to the principal charge—that the defendant knowingly or willfully communicated to the plaintiff the venereal disease known as syphilis. There can be no doubt that this charge imports an act of unspeakable cruelty (Canfield v. Canfield, 34 Mich. 519 ; Collett v. Collett, 1 Curteis, 678 ; Brown v. Brown, 1 L. R. Prob. & Div. 46; Boardman v. Boardman, *233 Id, 233 ; Jones v. Jones, Searle & Sm. 138; Ciocci v. Ciocci, 1 Spinks Ecc. & Adm. 121; Popkin v. Popkin, 1 Hagg. Egg. Rep. 765, n). But authorities are not needed to support such an opinion ; if the charge is sustained no one will say that the plaintiff is not entitled to the utmost relief which the courts can grant her.
[After reviewing the testimony.] . . If this testimony is to be believed, the plaintiff acquired the disease from the defendant. But it must be remembered that the gist of the action is cruelty. The plaintiff, therefore, must go still one step further, and offer some reasonable evidence to support the charge that the defendant willfully or knowingly infected her with syphilis ; for the communication of disease by the husband to the wife will amount to an act of cruelty only if it be deliberate or willful (Collett v. Collett, 1 Curteis, 678 ; Boardman v. Boardman, 1 L. R. Prob. & Div. 233, 236; Jones v. Jones, Searle & Sm. 138; Ciocci v. Ciocci, 1 Spinks Ecc. & Adm. 121; Popkin v. Popkin, 1 Hagg. Ecc. Rep. 765, n.; and cases cited, infra).
In Jones v. Jones (supra), in the absence of evidence that a husband who had infected his wife with a venereal disease, had done so willfully or recklessly, the court refused to treat that infection as an act of cruelty, and in commenting upon' the evidence, said: “Nothing is more probable than that he communicated the disease without knowing it.” To the same effect is Long v. Long (2 Hawks [N. C.] 189, 192), where defendant was “unconscious of his situation.” Similarly in Boardman v. Boardman (supra), the judge ordinary declared it to be the law, that if a man had a venereal complaint, he was guilty of cruelty only if he knowingly communicated it to his wife, or if he knew he was running the risk of giving it to her. In Ciocci v. Ciocci (supra), it was “ proved beyond all question ” (opin. p. 130), that the defend *234 ant had the venereal disease ; and that he was warned of the danger of communicating it, and in Popkin v. Popkin (supra), the husband confessed the syphilitic condition. In Collett v. Collett (supra), the defendant admitted that he had contracted the venereal disease, and that he had thereby infected his wife ; but he denied that he had knowingly or willfully communicated it to her, and the court, while entertaining “ no doubt that the deliberate communication of the venerial disease to his wife would constitute the offense of cruelty ” (opin. p. 679), concluded, after a very elaborate examination of the evidence, that the husband must be acquitted from the charge.
I might perhaps consider these cases less controlling in disposing of the present motion, were it not for the defendant’s statement in regard to this point. He swears that he never had syphilis. In the face of this denial, can it be properly found or reasonably inferred that he conveyed it to his wife ? On the contrary, is not the defendant’s oath conclusive in this stage of the case ? “ Prima facie,” says the judge ordinary, in Brown v. Brown (1 L. R. Prob. & Div. 46, 50), •‘it is fit to conclude that the husband’s state of health should be within his knowledgeand it is intimated that if he presents himself at the hearing to make his denial, or establish his innocence of willful wrong, it will go far to disprove the charge. [After further reviewing and ■ criticising the plaintiff’s evidence, but without imputing any insincere motives to her, the referee concluded his opinion as follows:] The defendant’s denial is surely entitled to some weight; it is at least sufficient to overcome the effect of the evidence on the part of the plaintiff (Mount v. Mount, 2 McCarter (N. J. Ch.] 162). Does not the defendant make a reasonable explanation? What more could he say than he has said ? In Cook v. Cook (32 N. J. Eq. 475), the defendant’s body was covered *235 with an eruption ; and the chancellor rendered a judgment against him in spite of his denials. But no one has testified to any appearances of disease upon the defendant here. Yet, if he infected his wife, so that she was in the lamentable condition described by Dr. Phillips, is it not reasonable to believe that he must have had the disease in an active form himself % No one, however, has been produced to say so; nor is there a single circumstance disclosed by the evidence, to support or corroborate the mere surmise upon which the plaintiff relies.
There is no evidence, therefore, upon this record, which, at the present stage of this inquiry, is competent, in my opinion, to rebut the defendant’s denial On the contrary, to establish, even prima facie, so serious a charge against him, as that he knowingly and willfully communicated this disease,should require very strong and conclusive evidence. In the case of Morphett v. Morphett (1 L. R. Prob. & Div. 702), evidence was given that the wife was suffering from disease, and that she had not been unchaste before marriage or unfaithful after it. The husband denied that he ever had the disease. The jury, however, found that the husband was guilty of cruelty ; but the full court held that there was not sufficient evidence to support the verdict. To the same effect is Judge Cooley’s opinion, in the recent case of Holthoefer v. Holthoefer (47 Mich. 260), and also the older case of N- v. N- (3 Sw. & Tr. 234), where (p. 240) the Judge Ordinary held that, as to the question whether the venereal disease was willfully communicated, the court must have nn 're for its guidance than mere conjecture.
It thus finally appears that the facts proved are not capable of sustaining the inference of legal cruelty.
The result is, that the plaintiff has not produced sufficient evidence to afford a reasonable ground for *236 the belief that she can eventually succeed in this action (Desbrough v. Desbrough, 29 Hun, 592); in other words, it is my opinion that she has failed to make out such a case as will, probably, finally entitle her to a judgment.
It, therefore, follows, that the motion for counsel fee and alimony, pendente lite, should be denied.