## ABRAMOWITZ v. ABRAMOWITZ.

(Supreme Court, Special Term, Kings County.  February 13, 1913.)

1. Divorce (§§ 209, 221*)—Separation—Alimony Pendente Lite.

Unless a wife on motion for alimony and counsel fees in her action for separation produces sufficient evidence to afford a reasonable ground for the belief that she can eventually succeed in her action, she is not entitled to alimony pendente lite or to expenses.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 605–609, 642, 643; Dec. Dig. §§ 209, 221.*]

2. Divorce (§§ 27, 28*) — Separation — Grounds — "Cruel and Inhuman Treatment"—Unsafe "Conduct"—Pulmonary Consumption.

The fact that a husband has pulmonary consumption, generally held to be both communicable and dangerous to health, without any showing of its existence prior to the time of the marriage, or that any false representations as to his state of health were made to induce the marriage, does not constitute a cause for separation for "cruel and inhuman treatment" of the plaintiff by the defendant within Code Civ. Proc. § 1762, subd. 1, or for "such conduct on the part of the defendant towards the plaintiff as to render it unsafe and improper for the former to cohabit with the latter" within subdivision 2; the unsafe "conduct" referring to a course of dealing on the husband's part, a continued purpose evidenced by action, and implying intentional and willful acts, and not merely those which are unintentional or involuntary.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 62–83; Dec. Dig. §§ 27, 28.*

For other definitions, see Words and Phrases, vol. 2, pp. 1415–1417, 1768–1777; vol. 8, p. 7624.]

3. Divorce (§ 27*)—Separation—Grounds—Legal Cruelty.

Venereal disease only is sufficient for a decree of separation on the ground of legal cruelty, and this only when it is knowingly or willfully communicated.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 62–83; Dec. Dig. § 27.*]

Action by Lillie Abramowitz against William Abramowitz for separation.  Motion for alimony and counsel fees denied.

A. I. Nova, of Brooklyn, for plaintiff.

Jones, McKinny & Steinbrink, of Brooklyn, for defendant.

BENEDICT, J.  Motion for alimony and counsel fee in wife's action for separation on the ground of cruelty and conduct rendering it unsafe for her to cohabit with the defendant.  The parties intermarried on May 5, 1912, and the wife returned to her parents after five days.  The wife bases her charge solely upon the fact that the defendant's state of health is such that it is "impossible, unsafe, and un-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

healthy for her to cohabit with him." She says that he is troubled with a violent cough at night accompanied by expectoration of blood, and that the physician called in attendance stated that it "was caused by hemorrhages," but the affidavit of the physician who made so discriminating a diagnosis is not furnished for the enlightenment of the court.

[1] Unless the plaintiff produces upon this motion sufficient evidence to afford a reasonable ground for the belief that she can eventually succeed in her action (Desbrough v. Desbrough, 29 Hun, 592; Jones v. Jones, 2 Barb. Ch. 146), she is not entitled to alimony pendente lite or for expenses.

[2, 3] Would the facts stated in the complaint, therefore, if true, warrant the inference of legal cruelty, under subdivision 1 or unsafe conduct under subdivision 2 of section 1762 of the Code of Civil Procedure? Whatever may be the rule in other jurisdictions, I am unaware of any authority in this state which holds that disease of the character mentioned is sufficient cause for separation a mensa et thoro. Assuming for the sake of the argument that the facts so insufficiently and inartificially pleaded (see Fowler v. Fowler, 11 N. Y. Supp. 419 [1]) point to the existence in the defendant of the disease commonly known as pulmonary consumption, which is very generally held to be both communicable and dangerous to health, its existence prior to the time of the marriage is not claimed, nor that any false representations as to the defendant's state of health were made so as to induce the plaintiff to wed, though, of course, had there been, it would not be available in the present form of action. The plaintiff apparently had as ample opportunity for making inquiries as to the health of the defendant before marriage as she had as to his earning capacity. See folio 3 of her affidavit. Perhaps the exercise of as great caution regarding the former as was paid to the latter consideration would have saved both parties trouble and unhappiness.

So far as I have had time to investigate the law in this state, there is only one form of disease which the courts have thus far recognized as sufficient for a decree of separation on the ground of legal cruelty, and this only when that particular disease is knowingly or willfully communicated. Anonymous, 17 Abb. N. C. 231. And, if disease of other sorts be not regarded as ground for separation under subdivision 1 of section 1762, no more does it constitute "such conduct on the part of the defendant to the plaintiff as may render it unsafe and improper for the former to cohabit with the latter," under subdivision 2. Conduct as here employed refers to a course of dealing on the husband's part, a continued purpose evidenced by action, and it implies intentional and willful acts, not merely those which are involuntary or unintentional, or from the effects of which he himself cannot escape. If during marriage disease attacks one of the spouses, it is not the one so afflicted who is guilty of legal cruelty. It is rather the other one who seeks on that ground a judicial separation.

Motion denied, with costs.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 601.