MARGARET KENNEDY, Respondent, *v.* WILLIAM H. KENNEDY, Appellant.

73   369
120   493
73   369
141   461

On appeal to this court from an order granting alimony *pendente lite* in an action for divorce, the question of power in the court below is the only one reviewable.

If the facts stated in the complaint are clearly not sufficient, if true, to constitute a cause of action, alimony cannot be granted.

Threats of violence, by a husband against a wife, of such a character as to induce a reasonable apprehension of bodily injury, and charges of infidelity, made in bad faith, as auxiliary to and in aggravation of the threatened violence, are sufficient to constitute "cruel and inhuman treatment," within the meaning of the statute authorizing a limited divorce. (2 R. S., 147, § 51.)

A complaint in an action for limited divorce alleged that defendant, on various occasions, "wantonly and maliciously charged the plaintiff with unchastity and infidelity to her marriage vows," * * "that on one occasion in December, 1876, he pointed a pistol at her head, when angry, apparently with intent to kill her," and on another occasion "ordered her out of the house, and said he would make it too hot for her, and threatened to murder her;" which acts were without cause or provocation, and that a separation was necessary "to her own existence" and the welfare of the children. The relationship of the parties as husband and wife was not questioned. *Held*, that it could not be determined as matter of law that plaintiff could not establish a cause of action under the complaint; and that an order granting alimony to the plaintiff, based upon the complaint and a verified petition, although said allegations were denied or met by the answer and opposing affidavits was not reviewable here.

*Collins* v. *Collins* (71 N. Y., 269), distinguished.

(Argued April 8, 1878; decided April 16, 1878.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming so much of an order of Special Term as granted to plaintiff alimony *pendente lite.*

This was an action for a limited divorce under the statute, on the ground of cruel and inhuman treatment.

The material allegations of the complaint, as to the treatment complained of, are as follows : " That since plaintiff's marriage to defendant he has treated her in a cruel and inhuman manner, and has so conducted himself towards her as to render it unsafe and improper for her to cohabit with him; that on or about the 25th day of November, 1876, at his residence, he wantonly and maliciously accused her of unchastity and infidelity to her marriage vow, and reproached her with lewdness, and to and in her presence falsely and maliciously stigmatized the infant daughter she had recently borne him as the bastard child of another man ; that in these accusations and reproaches he persisted for days and nights, denouncing them against plaintiff in an angry and violent manner, thereby depriving her of needful rest and sleep, and subjecting her to great alarm and anxiety, and seriously affecting as well her health as her happiness ; that on or about the 5th day of December, 1876, at his said residence, in a fit of uncontrollable passion, he put a pistol to plaintiff's head, apparently with the intent to kill her ; * * * that at said residence, and on or about the 24th day of September, 1877, four weeks after the birth of the youngest child of himself and plaintiff, he reproached plaintiff with other false and malicious accusations of unchastity and infidelity, and denied himself to be the father of the said youngest child, and declared that he had made a will in which he disinherited the two children, of which he said he was not the father, and ordered plaintiff out of the house, and said he would make it too hot for her, and threatened to murder her ; that by these, his said reproaches and threats, which were incessantly repeated and uttered in an excited, angry and violent manner, defendant afflicted plaintiff with great agony, fright and dis-

tress to the serious detriment of her peace of mind and health of body ;  *  *  *  that she has never given him a pretext even for his aspersions of her character, nor has by any provocation justified his ill-treatment of her ; that she has patiently borne all his said affronts and outrages for the sake of her children, and with the hope that in time he might return to a better way of life ; that instead, his misconduct and ill-treatment of plaintiff grow worse and worse — insomuch that she is forced reluctantly to the conclusion that a separation from defendant is indispensable not only to her own existence, but to the welfare of her children."

The answer denied the threats and acts of violence alleged in the complaint ; alleged various acts of improper intimacy between plaintiff and a man not related to her, which intimacy was continued in spite of his remonstrances, and admitting that he indignantly denounced and condemned her course in this respect. It also alleged that the parties lived and cohabited together until after the commencement of the action, and that plaintiff then left surreptitiously against his will and without cause.

The motion for alimony was made upon the complaint and a verified petition. The answer and affidavits tending to support it were read in opposition.

*John E Develin*, for appellant. An order allowing alimony is appealable to this court. (*Collins* v. *Collins*, 71 N., Y., 269.) Plaintiff could not succeed on the facts set forth in the complaint. (R. S., art. 4, part 2, ch. 8, tit. 1, § 51, subds. 1, 2; 2 R. S., 147; Bouvier's Law Dict., "Cruelty;" 1 Bishop on Marriage and Divorce, §§ 717, 722, 729; *Warren* v. *Warren*, 3 Mass., 321; *Perry* v. *Perry*, 2 Paige, 501; *Mason* v. *Mason*, 1 Edw. Ch., 278–291; *Whispell* v. *Whispell*, 4 Barb., 217; *Davies* v. *Davies*, 55 id., 130; *Barlow* v. *Barlow*, 2 Abb. [N. S.], 259; 2 Kent's Comm., 126; *C.* v. *C.*, 28 Eng. L. & Eq., 604.) The word *treatment*, as used in the statute, implies continuity of action. (1 Bishop on Mar. and Div., § 746; *Perry* v. *Perry*, 1

Barb. Ch., 516; *Smallwood* v. *Smallwood*, 2 Swab. & T., 397–402.)

*Roger A. Pryor*, for respondent. The court below had power to award alimony *pendente lite* and the order was not appealable. (*Brinkley* v. *Brinkley*, 50 N. Y., 184, 202; *People* v. *N. Y. C. R. R. Co.*, 29 id., 423; *Downing* v. *Marshall*, 37 id., 380; *In re Beggs*, 67 id., 120; *Cushman* v. *Brundrett*, 50 id., 296; *In re N. Y. C. and H. R. R. Co.*, 64 id., 60, 65; *Llamosas* v. *Llamosas*, 62 id., 619.) A false and malicious accusation of adultery is " cruel and inhuman treatment" within the meaning of the statute. (*Bihin* v. *Bihin*, 17 Abb., 26; *Whispell* v. *Whispell*, 4 Barb., 219, 220; *Barber* v. *Barber*, 7 West. L. J., 279; *Durant* v. *Durant*, 1 Hagg. Ec. R., 769; *Jamieson* v. *Jamieson*, N. Y. Spec. T., Oct., 1877; *Powell* v. *Powell*, 22 Cal., 358; *Kelly* v. *Kelly*, 2 L. R. P. & D., 34, 35, 75, 76; *Holden* v. *Holden*, 1 Consist. R., 458.) The facts alleged in the complaint constituted a cause of action. (*D'Aquillar* v. *D'Aquillar*, 1 Hagg. Ec., 775; *Saunders* v. *Saunders*, 1 Rob. Ec., 563; *Tomkins* v. *Tomkins*, 1 S. & T., 171; *Best* v. *Best*, 1 Adam's Consist., 435, 436; *Popkin* v. *Popkin*, 1 Hagg. Ec.. 768, note.)

CHURCH, Ch. J. The learned counsel for the appellant cited the case of *Collins* v. *Collins*, in this court (71 N. Y., 269), as a decisive authority against the plaintiff's right to alimony. In that case a marriage between the parties was alleged in the complaint. The answer admitted that the marriage ceremony had been performed, but alleged that at the time the plaintiff had a husband living, and was, therefore, incapable of contracting marriage. The plaintiff although having abundant opportunity to do so had not denied the fact alleged, and this court held that the plaintiff had not made a case entitling her to alimony for the reason that from the papers presented it did not appear that she was a wife, who alone is entitled to alimony, and who alone can invoke

the jurisdiction of the court to grant a divorce. (*Brinkley* v. *Brinkley,* 50 N. Y., 184, and cases cited.)

The question presented in this case is quite different. The action is for a limited divorce for cruel and inhuman treatment under the statute. There is no question as to the relation of the parties being that of husband and wife, but it is claimed that it does not appear from all the papers and proofs presented, that the plaintiff ought to recover, and that, therefore, alimony should be denied. If the facts stated in the complaint are clearly not sufficient, if true, to constitute a cause of action, the proposition that alimony should be denied is undoubtedly correct, because the ultimate failure. of the plaintiff would be inevitable, and a trial would be an idle ceremony, and an order that the defendant should pay alimony, an unnecessary and unjust burden. But I am not aware that it has ever been decided or claimed that the court will pass upon the merits, upon conflicting allegations or proofs upon a motion for alimony, and this court will in general not review a finding of the court below upon a question of fact, and will not in any case review the exercise of discretion as to the propriety of granting alimony or the amount. The question of power in the court below is the only one reviewable. The principal allegations in the complaint are that the defendant, on various occasions since the 25th of November, 1876, "wantonly and maliciously charged the plaintiff with unchastity and infidelity to her marriage vows; that soon after the birth of a child he reproached her with a denial that he was the father of the child; that on one occasion, in December, 1876, he pointed a pistol at her head when angry, apparently with intent to kill her;" that, on another occasion, he "ordered her out of the house and said he would make it too hot for her, and threatened to murder her." She alleges these acts to be without cause or provocation and that a separation is necessary "to her own existence" and the welfare of her children. Judges and courts and elementary writers have found it difficult to define in words precisely what constitutes cruel and inhuman treat-

ment. Among many definitions which will be found in the books, I think the following is concise and comprehensive : "There must be either actual violence committed with danger to life, limb or health, or there must be a reasonable apprehension of such violence." (1 Bishop on Mar. and Div., 717, note 4.)

In *Evans* v. *Evans* (1 Hag. Con., 35) Lord STOWELL said : "Mere austerity of temper, petulance of manners, rudeness of language, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty." These things may cause discomfort, mental anguish and suffering, but in the language of the case last cited, "the answer is that courts of justice do not pretend to furnish cures for all the miseries of human life." The cases are quite uniform in affirmance of this general doctrine, as the numerous cases cited by the respective counsel will show. The allegations in this complaint are quite general and, to a certain extent, equivocal as to the real character of the acts charged ; but the question on this motion is, whether it can be affirmed as matter of law that a cause of action does not exist. If it shall appear that the threats of violence were of such a character as to induce a reasonable apprehension of bodily injury, and that the charges of infidelity were made in bad faith as auxiliary to, and in aggravation of, the threatened violence, I think this plaintiff may be entitled to relief in this action. If, on the other hand, these charges were made in good faith, and especially if the defendant had reasonable grounds for believing them true, and if the threats proceeded from mere causual ebullitions of passion and were used to emphasize the charges which the defendant had reason to believe were true, and without any real intention to inflict bodily harm, and if the plaintiff had no sufficient reason for so believing, it is clear she would not be entitled to a divorce. If a husband has reason to suspect his wife of infidelity, it is neither cruel nor inhuman to charge her with it, although personal violence is not justifiable.

We cannot pass upon the merits in reviewing this motion.

That duty must devolve upon the trial court. If the allegations of the answer are true, the plaintiff has no cause of action for a divorce ; but these, as well as the allegations in the complaint, must be determined by another tribunal. It must suffice for this court that we cannot determine as matter of law that the plaintiff may not establish a cause of action under the complaint. The question of condonation is also one of fact, depending upon all the circumstances.

It follows that the court below had power to allow alimony, and the appeal must be dismissed.

All concur.

Appeal dismissed.