ANGELIQUE REESE, Appellant, *v.* RICHMOND J. REESE, Respondent.

*Husband and wife — action for separation — insufficient evidence.*

Appeal from a decree or judgment of the Supreme Court in favor of the defendant dismissing the complaint in an action for separation, entered in the Westchester county clerk's office on the 16th day of February, 1920, upon the decision of the court rendered after a trial at the Westchester Special Term.

Judgment affirmed, upon the opinion of Mr. Justice Morschauser at Special Term. As the plaintiff, appellant, is the wife of the defendant, the affirmance will be without costs. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

The following is the opinion of the court below:

MORSCHAUSER, J.: The plaintiff seeks a decree of separation for alleged cruel and inhuman treatment by the defendant and such conduct on his part towards her as rendered it unsafe and improper for her to live and cohabit with him. The defendant duly answered, challenging the allegations of plaintiff's complaint and setting up separate and distinct defenses in the answer. The issues were brought on for trial, and I find that the plaintiff has not sustained the allegations of the complaint that would warrant granting a decree of separation. There was neither cruel nor inhuman treatment of the plaintiff by the defendant, nor was there such conduct on the part of the defendant towards the plaintiff as rendered it unsafe and improper for her to live and cohabit with him. The most serious charges failed in proof. The defendant was very considerate of his wife. The plaintiff is of a very quick temper and was very exacting of the defendant. He tolerated much of her conduct. He washed the dishes, got his own breakfast and even scrubbed the floors at times. There seems to be a prevalent notion that, when husband and wife have occasional, unhappy differences, they can be separated by law. This idea is a mistaken one. It is the policy of the law to keep husband and wife together, to carry out their marital relations, and not to encourage separation. That the parties are not mated is no reason why they should be separated. Separations are not to be tolerated for slight causes or occasional, unhappy differences or when mutual love and affection, harmony and peace have been temporarily suspended. Occasional discord and strife or mutual aversion between husband and wife is not a sufficient ground for separation. The right of a court to grant a separation is based entirely upon the statute,* and unless the parties bring themselves, by a fair preponderance of the evidence, within the statute as it has been interpreted by the courts, neither can have a separation, however unpleasant their relations or lives may have been from such conditions. It is well settled that cruel and inhuman treatment which will authorize a separation or which will permit a wife to say that it is unsafe or improper for her to cohabit with her husband must be either actual personal violence committed with danger to life, limb or health, or there

* See Code Civ. Proc. § 1762 *et seq.*— [REP.

must be a reasonable apprehension of personal violence arising from menaces or threats, creating a reasonable fear of bodily harm, and that mere asperity of temper, rudeness of manners, harshness of language and even occasional outbursts of passions, if they do not threaten bodily harm, do not amount to legal cruelty. Before bringing actions of this character, I would suggest to the members of the bar that they read and study the very learned opinion of Mr. Justice Jenks in *Donohue* v. *Donohue* (180 App. Div. 561), and also the opinion of Mr. Justice Blackmar in *Umbach* v. *Umbach* (183 id. 495). The language used in the latter part of the tenth folio of the plaintiff's complaint does not allege facts, but conclusions, and has no place in the complaint and should not have been allowed to remain. Labeling a defendant as he was labeled in the complaint was unwarranted, and it is unfortunate that such language was used. Charging a defendant in a complaint with being a man of a certain type does not make it so; it must be established by proof. It is for the court to make findings, and in this case there was no proof to warrant such findings or conclusion. The complaint should be dismissed upon the merits, without costs.