MINNIE H. PEARSON, Appellant, *v.* HENRY PEARSON, Respondent.

Husband and wife — action to recover money expended by wife for her support — defense of justification of husband in leaving wife — when foreign decree of divorce in husband's favor on ground of extreme cruelty bar to action — cruelty defined — words without blows or threats of violence.

1. Under the full faith and credit clause of the Federal Constitution (Art. 4, § 1) a foreign decree of divorce establishes the status of the parties as to the future. So far, and so far only, as the issues involved

in such an action brought and tried in another state, and in an action brought by the wife here to recover sums expended out of her separate estate for necessaries of life are practically the same, it is a bar to an assertion by the wife that her living apart from her husband in this state prior to the decree was through no fault of hers and was not due to any acts or conduct on her part that justified a separation at the suit of her husband in this state.

2. If a husband for the misconduct of his wife lawfully separates himself from her, he is not chargeable for necessaries furnished to her.

3. The strictness of the ancient rule which limits cruelty as a ground for legal separation to violence or threats of violence has been relaxed. The terms " extreme cruelty " and " cruel and inhuman conduct " are equivalent and are broad enough to include such behavior of one party as may be reasonably said so to affect the other physically or mentally as seriously to impair health. Cruelty is not limited to bodily hazard and hardship.

4. Where in an action brought by wife against husband to recover from the latter the sums which the former claims to have expended out of her separate estate in discharge of his obligation to provide her with the necessaries of life suitable to her condition, the husband set up as a defense a foreign decree of divorce in his favor, on the ground of extreme cruelty, in which action the wife had appeared and defended by denying the allegations of cruelty and setting up abandonment and non-support as a defense, and the husband, in the divorce suit, alleged and the court found that accusations by the wife of unchastity and the use by her of insulting and angry words had seriously affected the husband's health and threatened permanently to impair it, it may not be said as matter of law that the facts pleaded and proved in the foreign action would not justify a decree of separation in this state even though no physical violence or threats thereof was shown. The parties had an opportunity therein to litigate and did litigate the very question in issue in this action, viz.: Was the husband justified in leaving his wife? The plaintiff is, therefore, bound by the foreign decree.

*Pearson* v. *Pearson*, 187 App. Div. 645, affirmed.

(Submitted December 1, 1920; decided December 10, 1920.)

APPEAL from a judgment entered June 9, 1919, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Gordon Battle* and *Lanman Crosby* for appellant. The respondent's abandonment of the appellant was without justification. (*De Meli* v. *De Meli*, 67 How. Pr. 20; *Solomon* v. *Solomon*, 28 How. Pr. 218; *Palmer* v. *Palmer*, 1 Paige, 277.) The Nevada decree does not bar the plaintiff's right of recovery. (*Harding* v. *Harding*, 198 U. S. 317.)

*Howard R. Bayne* for respondent. The wife could not recover in this action if the husband left her for good cause. (*Morehouse* v. *Brooklyn Heights R. R. Co.*, 185 N. Y. 520; *Finch* v. *Lamphere*, 165 App. Div. 826; *Sawyer* v. *Richards*, 65 N. H. 185; *Denver D. G. Co.* v. *Jester*, 60 Col. 290; *Middlebrook* v. *Slocum*, 152 Mich. 286; *Bevier* v. *Galloway*, 71 Ill. 517; *Constable* v. *Rosener*, 82 App. Div. 155; 178 N. Y. 587; *Wolf* v. *Schulman*, 45 Misc. Rep. 418; *Simpson* v. *Dutcher*, 123 N. Y. Supp. 340; *Import Chem. Co.* v. *Forster & Gregory, Ltd.*, 172 App. Div. 406; *Cornwell* v. *Sanford*, 222 N. Y. 248, 254; *Jackson* v. *Strong*, 222 N. Y. 149, 154.) In the Nevada action the issue of the husband's leaving the wife for just cause was raised as well as the question of non-support. (*Silberstein* v. *Silberstein*, 218 N. Y. 525.) It was necessarily adjudicated in the Nevada action that the husband was justified in leaving the wife. (*Simpson* v. *Dutcher*, 123 N. Y. Supp. 340.) The adjudication in the Nevada action that the husband was justified in leaving the wife is conclusive on that question in this action. (*Harding* v. *Harding*, 198 U. S. 317.) The trial justice erred in holding that the finding of the Nevada court, that the allegations of cruelty set forth in the complaint in that action were true, is not controlling and these allegations must be tested by New York law. (*W. U. Tel. Co.* v. *Gest*, 183 App. Div. 548; *Martin* v. *New Trinidad Lake*

*A. Co.,* 182 App. Div. 719; *Feinberg* v. *Allen,* 208 N. Y. 215; *Krekeler* v. *Ritter,* 62 N. Y. 372; *Harding* v. *Harding,* 198 U. S. 317; *Slade* v. *Slade,* 58 Me. 157.)

POUND, J. This action is brought by wife against husband to recover from the latter the sums which the former claims to have expended out of her separate estate between April 1, 1915, and the commencement of the action, in discharge of his obligation to provide her with the necessaries of life suitable to her condition. (*DeBrauwere* v. *DeBrauwere,* 203 N. Y. 460.)

While the action was pending the defendant began an action against plaintiff for divorce in the state of Nevada on the ground of extreme cruelty. She appeared and defended the action, denying the allegations of the complaint and setting up abandonment and non-support as a defense but a final decree was entered therein in his favor dissolving the marriage between them. He thereupon served a supplemental answer in this action setting up the Nevada decree as a bar.

The substance of plaintiff's claim is that defendant on or about April 1, 1915, abandoned her without providing means to provide for her support, and thereafter contributed nothing to her support except certain payments for rent and food. The substance of defendant's claim is that plaintiff's conduct towards him, *inter alia* in accusing him publicly of unfaithfulness to her, was such that his health was injured; that it, therefore, amounted to cruel and inhuman treatment, although no offer of physical violence was alleged; and that he was thereby justified in leaving her and was relieved from the obligation of supporting her during their separation.

The question is as to the effect of the Nevada decree upon this plaintiff's cause of action. The trial justice, granting judgment for the plaintiff, held that the acts of cruelty alleged in the Nevada complaint would not result in a decree of separation in the state of New York; that

the issue in the Nevada case was not raised by the charge and denial of cruel and inhuman treatment or extreme cruelty but was raised on the facts pleaded and proved; that there was no identity of issue and, therefore, no determination of the main issue in this case, which is whether defendant wrongfully failed to support his wife in the state of New York. The Appellate Division reversed the Trial Term, holding that the Nevada court necessarily decided the controversy raised by the wife's denial of her responsibility for the separation and that plaintiff was, therefore, bound by the Nevada decree.

Under the full faith and credit clause of the Constitution (U. S. Const. art. 4, § 1), the Nevada decree establishes the status of the parties as to the future. It is a judicial finding that they are no longer husband and wife. So far, and so far only, as the issues involved in this action and the Nevada action are practically the same, is it a bar to the present assertion by the wife that her living apart from her husband in New York state prior to the Nevada decree was through no fault of hers and was not due to any acts or conduct on her part that justified a separation at the suit of her husband in New York. (*Harding* v. *Harding,* 198 U. S. 317.)

The specific allegations of cruelty set forth in the complaint in the Nevada action and found by the court therein to be true are not conclusive on the question of cruel and inhuman treatment in New York. The ethical rule has been declared that "Whosoever looketh on a woman to lust after her hath committed adultery with her." If a sister state should incorporate this definition of adultery into its code the issue in the action would be determined not by the name of the acts charged but by the facts.

When the wife in the Nevada action presented as defenses abandonment and non-support, the issue

remained the same. If the husband for the misconduct of the wife lawfully separates himself from her, he is not chargeable for necessaries furnished to her. (*M'Cutchen* v. *M'Gahay*, 11 Johns. 281.) Did the acts alleged in the complaint justify the husband in leaving his wife? The Nevada court answered the question in the affirmative. The plaintiff takes the position that the New York courts would say as matter of law that Nevada had found that she was a scolding, nagging, abusive, foul-mouthed wife, but that she was not guilty of cruelty as a ground of legal separation, because her language, though violent, created no reasonable apprehension of bodily harm and so would do no harm in a legal sense to any husband, however situated and however sensitive, and would not justify him in leaving her without providing means for her support. (*Kennedy* v. *Kennedy*, 73 N. Y. 369.) The question is thus presented, on the facts alleged and proved in the Nevada court, would New York have granted a decree of separation?

The terms "extreme cruelty" and "cruel and inhuman conduct" are equivalent and are broad enough to include such behavior of one party as may be reasonably said so to affect the other physically or mentally as seriously to impair health. Cruelty is not limited to bodily hazard and hardship. If it were, a husband might constantly and without cause publicly call his wife a vile and shameless bawd so long as he did not strike her or threaten to strike her, and might thus intentionally break down her health and destroy her reason without giving her a claim on him for separate maintenance. The court would say to the wife, "you may leave your husband, but you also leave all claim on him for support." Words may result in bodily harm without a threat to inflict blows. If such a result is the intention of the speaker and the reasonable effect of the words, it cannot be said to be a mere incident of married life under the rule *de minimus non curat lex.*

The cruelty complained of by defendant was in the main the product of the wife's jealous and bitter disposition. She accused him of unchastity. The husband in the Nevada case alleged in the complaint and the court has found that the acts of the defendant therein had seriously affected his health and threatened permanently to impair it. If a question of fact was thus presented it has been adjudicated. I think that it may not be said as matter of law that the facts pleaded and proved in the Nevada case would not justify a decree of separation in New York.

Plaintiff was a physician and his wife's jealousy of his women patients and her nagging charges of his misconduct with them made in the presence of others might conceivably so interfere with the practice of his profession as to impair his health. The strictness of the ancient rule which limits cruelty in matrimonial causes to violence or threats of violence has been relaxed. Thus in *Robinson v. Robinson* (66 N. H. 600) a divorce on the ground of cruelty was granted to a man whose wife became a Christian Science healer, not because her belief in Christian Science and her refusal to give it up at his request justified the husband in abandoning her, but because the court found, on the facts presented of her attempts to practice in defiance of his wishes, a case of " slow and continuous mental torture," destructive of health and reason in its operation upon an abnormally sensitive mind. Conceivably the defendant's health might not be affected by constant unfounded suspicions and accusations directed towards his relations with women patients which if known to them would have a tendency to injure his practice, but I know of no New York case which goes so far as necessarily to say that such a course of conduct might not amount to cruel and inhuman treatment for which an action for a judgment separating the parties from bed and board might be maintained in this state. (Code Civ. Pro. § 1762.) The aspersions upon his honor might pass as mere " casual ebullitions of passion "

(*Kennedy* v. *Kennedy, supra*), but when they were made outside the home circle to the women accused and others, and resulted in loss of business and professional standing they assumed a more serious aspect, and might reasonably be said to have caused mental suffering and impairment of health, and thus amounted to legal cruelty as above defined. The parties in the Nevada action thus had an opportunity to litigate and did litigate the very question at issue in this action, and, therefore, the Nevada decree is conclusive on the rights of the parties herein.

Speaking of a false charge of the habitual commission of a horrible offense brought by a wife against her husband and published to the world with knowledge of its untruth, Lord HALSBURY, L. C., in a dissenting opinion in *Russell* v. *Russell* ([1897] A. C. 395) said (424) that " madness and suicide are not uncommon consequences of persistent accusations of this character." A majority of the lords, however, saw no sufficient evidence of apprehended injury to health to entitle the husband to a legal separation.

The test of cruel and inhuman treatment where no blows are struck or threatened should be applied with great caution. Insulting and angry words may cause discomfort and annoyance, but their natural purpose and effect is neither to injure health nor to endanger reason. Incompatibility of temper is no ground for separation in New York. The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife. For such ills the patients must minister unto themselves; our courts of justice offer no cure. To the well-established rule this case presents no exception.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., concurs in result.

Judgment affirmed.