GERALDINE WATSON GREENE, Respondent, *v.* FREDERICK C. GREENE, Appellant.

First Department, April 12, 1935.

*Leon A. Fischel,* for the appellant.

*Pearce H. E. Aul* of counsel [*Charles H. Griffiths* with him on the brief; *Griffiths & Content,* attorneys], for the respondent.

GLENNON, J. This is an action for separation based upon the ground of cruel and inhuman treatment.

It is alleged in the first paragraph of the complaint that the parties were married on August 9, 1920. This is the only definite date which is specified in the entire complaint. No attempt was made to comply with rule 280 of the Rules of Civil Practice, which

reads as follows: " The complaint in an action for separation must specify particularly the nature and circumstances of the defendant's misconduct and set forth the time and place of each act complained of with reasonable certainty." We can readily understand the difficulties of the pleader inasmuch as the testimony of the plaintiff quite clearly indicates her inability to specify with any degree of particularity the so-called acts of cruel and inhuman treatment on the part of her husband.

Since the case was tried, and the parties and witnesses had a full opportunity to be heard, we will disregard the infirmities of the complaint and look to the record to see if there is a real basis for the judgment which was entered in favor of the respondent.

The " sixth " finding of fact reads as follows: " That the plaintiff, at various times during the years of 1931 and 1932, tried to converse and talk with the defendant from time to time, but often received no replies at all. Defendant answered only if absolutely necessary, in monosyllables. That on some occasions during this period defendant got up and walked out when spoken to by the plaintiff."

We regard as related to the same subject-matter the following findings of fact.

"· *Twenty-fifth.* That during the summer of 1932 the plaintiff and the defendant in Rowayton, Conn., conversed on a number of occasions.

" *Twenty-sixth.* That the plaintiff and defendant were seen dressed together to go swimming with their son in the summer time during the summers of 1929, 1930, 1931 and 1932.

" *Twenty-seventh.* That during the summers of 1929, 1930, 1931 and 1932 the defendant drove the plaintiff in the car to and from the station many times.

" *Twenty-eighth.* That in the summer of 1932 the plaintiff and defendant were together in their car in bathing suits to go down to the beach and went down to the beach half a dozen times."

In addition, while the plaintiff was somewhat evasive on cross-examination, she finally admitted that whenever she telephoned from the station at Rowayton, defendant " called for me with the car," even though she claimed that they were not then on speaking terms.

When we contrast the " sixth " finding of fact with those others above detailed, it is quite apparent that the court gave little credence to plaintiff's testimony in respect to the failure on the part of defendant to converse at all times, and, consequently, the judgment could not have been predicated upon that ground.

We will now consider the " seventh " finding of fact which reads: " That defendant brushed the plaintiff aside on several occasions

while passing through the hallway at their abode at Rowayton, Connecticut." What was meant exactly by that statement is hard to determine. The hallway referred to is two and one-half feet in width. It is not claimed that any violence was resorted to by the defendant when these instances are alleged to have occurred.

The "tenth" finding of fact reads as follows: "That on one occasion during the month of September, 1932, after plaintiff had set a bottle of milk on the table for consumption, the defendant violently removed the bottle from the table, returned it to the ice box, with both his hands grabbing the plaintiff's wrists and threatened the plaintiff with bodily harm unless she got out." The place referred to was the kitchen where, the evidence shows, it was the custom of the husband to prepare the meals for the family. What is meant by " violently " removing a bottle of milk from the table is not clear. This isolated act, even though true, would not be sufficient to sustain the judgment in plaintiff's favor.

We will cast aside as trivial the charges that defendant in August, 1932, attended a barn party and clam bake without asking plaintiff to accompany him; that the second week-end in August defendant went out on Friday evening and did not return until Saturday at three A. M., and that on a Saturday during the month of May, 1932, defendant left his home and did not return until six A. M., the following morning. It cannot be claimed that on any of these occasions the defendant did anything which in our opinion might be classified as cruel and inhuman. (See *Belden* v. *Belden*, 207 App. Div. 545; affd., 241 N. Y. 612.)

The record indicates that the matrimonial difficulties of these parties rested for the most part with the plaintiff rather than the defendant. This action might never have been brought if the latter had acceded to the wishes of plaintiff and agreed to comply with her request to sign a notice of appearance in a divorce action which she desired to institute in the State of Nevada.

The testimony of the defendant has a ring of sincerity to it. He frankly admitted that prior to 1932 the relations of the parties were at times somewhat strained " when we discussed property rights and her having everything in her own name." The house in which the parties lived in Rowayton was constructed wholly by the defendant. While plaintiff asserted that she bought most of the materials, it is quite apparent that at least some of the money, which was used, belonged originally to her husband, for we note that she possessed a bank account where defendant's checks were deposited during a good period of their married lives.

During the summer months the household meals were prepared by the husband not only for the family, but guests as well. Fresh

vegetables were supplied to the table out of the garden which defendant maintained. One might get the impression that all the husband's time was devoted to household work were it not for the fact that during the school year he was employed by the board of education in the city of New York.

We have reached the conclusion after a careful examination of the record, that the charge of cruel and inhuman treatment was not supported by the credible evidence in the case. In *Pearson* v. *Pearson* (230 N. Y. 141) Judge POUND said: " The test of cruel and inhuman treatment where no blows are struck or threatened should be applied with great caution. Insulting and angry words may cause discomfort and annoyance, but their natural purpose and effect is neither to injure health nor to endanger reason. Incompatibility of temper is no ground for separation in New York. The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife. For such ills the patients must minister unto themselves; our courts of justice offer no cure."

The judgment appealed from should, therefore, be reversed and the complaint dismissed.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed and complaint dismissed. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.