Elsie Smith, Respondent, *v.* Thomas P. Smith, Jr., Appellant.

Argued January 25, 1937; decided March 23, 1937.

*Harold St. L. O'Dougherty* and *Peter A. McCabe* for appellant. The evidence warranted a dismissal of the complaint on the merits. (*McKee* v. *McKee,* 267 N. Y. 96; *Pearson* v. *Pearson,* 230 N. Y. 141; *Umbach* v. *Umbach,* 183 App. Div. 495; *Strnad* v. *Strnad,* 238 App. Div. 572; *Donohue* v. *Donohue,* 180 App. Div. 561.) Caution should be exercised before adjudging defendant

as cruel, inhuman and of unsafe conduct. (*Kennedy* v. *Kennedy*, 73 N. Y. 369; *Pearson* v. *Pearson*, 230 N. Y. 141; *Donohue* v. *Donohue*, 180 App. Div. 561; *Lundquist* v. *Lundquist*, 184 App. Div. 949; *DeVide* v. *DeVide*, 186 App. Div. 814; *Greene* v. *Greene*, 244 App. Div. 219; *Umbach* v. *Umbach*, 183 App. Div. 495; *Maloney* v. *Maloney*, 131 Misc. Rep. 830; *Averett* v. *Averett*, 189 App. Div. 250.)

*Myron Krieger* for respondent. The facts found by the Appellate Division are sustained by the weight of evidence. (*Getty* v. *Roger Williams Silver Co.*, 221 N. Y. 34; *Larkin* v. *N. Y. Tel. Co.*, 220 N. Y. 27; *Matter of McMillan*, 218 N. Y. 64; *White* v. *Lehigh Valley R. R. Co.*, 211 App. Div. 177; *Pearson* v. *Pearson*, 230 N. Y. 141; *Weinreb* v. *Weinreb*, 199 App. Div. 966; *Kissam* v. *Kissam*, 21 App. Div. 142; *Smith* v. *Smith*, 92 App. Div. 442; *Heylum* v. *Heylum*, 119 Misc. Rep. 113; *Lutz* v. *Lutz*, 9 N. Y. Supp. 858; *McNulty* v. *McNulty*, 119 App. Div. 150.) Plaintiff having sustained the burden of proof on all grounds found by the Appellate Division, dismissal by the trial court of her complaint upon the merits was contrary to law. (*McNulty* v. *McNulty*, 119 App. Div. 150.)

RIPPEY, J. This is an action for a separation (Civ. Prac. Act, § 1161). Plaintiff sought to maintain her action on the grounds (1) of neglect and refusal by defendant to provide for her; (2) of cruel and inhuman treatment by defendant, and (3) that there was such conduct on the part of the defendant toward her as to render it unsafe and improper for her to live with him. Defendant denied that he had neglected or refused to provide for her or that he had treated her in any improper manner. After a trial, in which plaintiff was given every opportunity to prove her charges, the complaint was dismissed. Upon appeal, the Appellate Division, by a divided court, reversed the findings and decree made by the trial court

upon the law and the facts, adopted the findings proposed by plaintiff to the trial court which it had refused to make, and directed the Special Term to enter a decree for the plaintiff on the grounds stated in (2) and (3) above, which was accordingly done. From the decree thus entered and from the order of the Appellate Division, defendant has appealed to this court. From our examination of the facts, which it is our duty to make (Civ. Prac. Act, § 589, subd. 2), we are satisfied that the findings made by the Appellate Division cannot be sustained, and that the findings and decree of the trial court must be reinstated.

The parties were married February 11, 1912, and lived together as husband and wife continuously until September 6, 1934, except for a period of about six months in 1920, and for a period of about three months in 1930, when defendant felt compelled and justified because of disagreements between the parties to live elswhere than with the plaintiff. On September 6, 1934, plaintiff, voluntarily and without cause, packed her belongings and left the defendant. She gave him no previous notice that she was going to leave and left no word or notice as to where she had gone. She took her departure after he had left home in the morning for work. At all times during their marriage defendant had provided for her support and maintenance to the fullest extent within his means and had liberally provided for his son's education through college. Even after the plaintiff had abandoned him on September 6, 1934, as soon as he learned of her whereabouts, he voluntarily sent her $80 each month until this action was commenced. Both of the lower courts refused to find that defendant had refused and neglected properly to provide for or support the plaintiff.

The marriage relations of the parties were more or less unhappy from the beginning. Between 1920 and 1930, differences arising out of religious and other matters became more and more pronounced, for all of which

plaintiff was largely responsible. Exclusive of testimony relating to such disagreements and quarrels, plaintiff relied upon two specific instances of cruel and inhuman treatment. The first occasion occurred on a Sunday morning in 1930, when plaintiff interfered in an attempt by defendant to have his son attend Sunday school. Plaintiff testified that defendant struck her at that time. This, defendant denied. There were no witnesses to the incident and no testimony to corroborate the story of either. The trial court did not believe her story. Where truth hangs upon the credibility of witnesses, courts should consider the advantages of the trial court who has seen and heard the witnesses. (*Boyd* v. *Boyd*, 252 N. Y. 422.) The second occasion was in March, 1934, when a violent episode occurred when defendant discovered a clandestine meeting between his wife and another man. Defendant made no charges of infidelity. Although a quarrel occurred, plaintiff did not testify that any blows were struck. She and her mother testified that defendant acted violently and in a threatening manner. Such conduct on the part of the defendant, under the circumstances disclosed by the record, should not have surprised her. There was nothing done here to indicate any cruel or inhuman treatment of plaintiff by the defendant. There was no testimony by any one that any blows were struck or that defendant threatened his wife with bodily harm.

Otherwise, giving plaintiff the advantage of every favorable inference that can possibly be drawn from the testimony, this record contains nothing further than that there were more or less frequent quarrels between the parties and incompatibility. That furnishes no ground for a decree of separation in this State. (*Donohue* v. *Donohue*, 180 App. Div. 561; *Kennedy* v. *Kennedy*, 73 N. Y. 369; *Pearson* v. *Pearson*, 230 N. Y. 141, 146, 148.) In the *Kennedy* case (quoting from Bishop on Marriage and Divorce, p. 717), it is said that " There must be either actual violence

committed with danger to life, limb or health, or there must be a reasonable apprehension of such violence " (p. 374), to constitute cruel and inhuman treatment. In the *Pearson* case this court said: " Cruelty is not limited to bodily hazard and hardship * * *. The test of cruel and inhuman treatment where no blows are struck or threatened should be applied with great caution. Insulting and angry words may cause discomfort and annoyance, but their natural purpose and effect is neither to injure health nor to endanger reason. Incompatibility of temper is no ground for separation in New York. The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife. For such ills the patients must minister unto themselves; our courts of justice offer no cure. To the well-established rule this case presents no exception."

The record here affirmatively shows that the plaintiff apprehended no danger of bodily harm from anything which arose out of any of the quarrels between the parties. None of them interfered with her social or church activities. It is quite clear that she had no fear of violence from her husband, for she continued to live with him steadily after the incident in March, 1934, for a period of six months until she voluntarily and without cause abandoned him. The evidence here is undisputed that the defendant has always been a man of good habits, a steady worker and a good provider. There is not a shred of evidence upon which there could be based a finding that his habits or conduct were such as to make it unsafe or improper for plaintiff to live with him.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., taking no part.

Judgment accordingly.