MARY AVDOYAN, Appellant, *v.* SETRAK E. AVDOYAN, Respondent.

First Department, April 9, 1943.

*Maurice Hellman* of counsel (*Lyman Stansky* with him on the brief and attorney), for appellant.

*J. Francis Hayden* of counsel (*Charles E. Powers* with him on the brief; *Kissam & Hayden,* attorneys), for respondent.

COHN, J. The action is by plaintiff for a separation on the ground that defendant without just cause had abandoned her and failed to provide adequate support. After a trial a judgment of separation was granted to defendant upon his counterclaim grounded upon the charge that the conduct of plaintiff toward defendant constituted cruel and inhuman treatment and rendered it unsafe and improper for defendant to cohabit with plaintiff and justified his leaving her.

The parties were married on October 22, 1939. Plaintiff was then thirty-four years of age and defendant was sixty-one. Each had been previously married. Defendant had three adult children living and plaintiff had no children by her prior marriage. On October 16, 1940, after the lapse of slightly less than a year, defendant left his wife. She continued to live in the marital home for a period of six months, and when defendant indicated that he had no intention of returning, she instituted this action.

At the trial defendant testified that he quarreled with his wife on frequent occasions and that the misunderstandings arose because of her excessive marital demands upon him; that she often manifested displays of temper and that their quarreling led plaintiff to attempt to commit suicide on one occasion about five months before he left her.

To establish that plaintiff was guilty of cruel and inhuman treatment or conduct rendering it unsafe or improper for defendant to cohabit with her, it was unnecessary to show actual physical violence. It has been held that conduct may produce such mental pain as to be even more cruel and inhuman than if mere physical pain had been inflicted. This rule, however, must be applied with great caution. The conduct must be of such a character as to seriously affect the husband's health. (*Kennedy* v. *Kennedy,* 73 N. Y. 369; *Pearson* v. *Pearson,* 230 N. Y. 141; *Atherton* v. *Atherton,* 82 Hun, 179, affd. 155 N. Y. 129; 1 Bishop on Marriage, Divorce and Separation [1891], § 1652.)

Our examination of the record leads us to conclude that there is an insufficient basis for the determination that the acts of plaintiff constituted cruel and inhuman treatment or rendered it unsafe and improper for defendant to cohabit with her. That there was incompatibility in their marital relations, and that there were bickerings between the parties, there can be no doubt. Yet the differences were not of a sufficiently serious nature to sustain a judicial separation in favor of the husband. There is no proof to warrant the findings to the effect that plaintiff flew into uncontrollable rages; or that she used abusive or improper language toward defendant; or that plaintiff ever charged defendant with having illicit relations with other women. The only possible basis for the claim that plaintiff unjustly accused defendant of infidelity is his testimony that, upon one occasion following a dinner party with some relatives and friends, plaintiff chided defendant for speaking " sweetly and nicely " to a lady in that party, and that at other times plaintiff appeared to be jealous and suspicious of him. Nor is there any support for the finding that plaintiff threatened to commit suicide on many occasions. Admittedly she did attempt to take poison in the month of May, 1940, during an altercation with her husband. However, it is quite apparent that the incident was soon forgotten for the parties lived together for five months after its occurrence. From letters written by defendant to plaintiff on July 19 and August 6, 1940, it appears that the relations between them were tender and affectionate. Up to the latter date at least, the conduct and demeanor of plaintiff was not so bad as to undermine defendant's mental and physical health.

It seems to us, as plaintiff urges, that upon the evidence the judgment appealed from cannot be sustained. Were we to assume the verity of defendant's claims concerning plaintiff's alleged demands with which defendant said that in most instances he did not comply, her alleged displays of temper, and add thereto her attempt to take her life which she immediately thereafter repented, such facts would nevertheless be insufficient to support a finding of cruel and inhuman treatment by plaintiff against defendant within the language of the statute. (Civ. Prac. Act, § 1161.)

When sixty-one years old, defendant entered into a marriage with a woman a little more than half his own age. The union necessarily involved certain risks. Those, defendant assumed. If because of disparity in age, difference in tempera-

ment, disposition and manner of life he has found it impossible to live in harmony with his wife, no justifiable reason is thus presented for granting him a decree. That the parties are not mated is no ground for separation. Occasional strife, lack of domestic harmony or even mutual aversion between husband and wife are not enough. There must be proof that the acts complained of fall within the statute. (*Reese* v. *Reese,* 194 App. Div. 907.) Though cruel and inhuman treatment, as we have already pointed out, is not limited to bodily hazard and hardship, conduct not involving threats or violence must be of such a character as to seriously affect the husband's health and threaten permanently to impair it. (*Kennedy* v. *Kennedy, supra.*) Frequent quarrels between husband and wife and incompatibility furnish no grounds for a decree of separation in this State. (*Smith* v. *Smith,* 273 N. Y. 380; *Pearson* v. *Pearson, supra; Morris* v. *Morris,* 260 App. Div. 6; *Greene* v. *Greene,* 244 App. Div. 219.) In the *Smith* case (*supra*) the court by RIPPEY, J. said (p. 383): "Otherwise, giving plaintiff the advantage of every favorable inference that can possibly be drawn from the testimony, this record contains nothing further than that there were more or less frequent quarrels between the parties and incompatibility. That furnishes no ground for a decree of separation in this State. (*Donohue* v. *Donohue,* 180 App. Div. 561; *Kennedy* v. *Kennedy,* 73 N. Y. 369; *Pearson* v. *Pearson,* 230 N. Y. 141, 146, 148.) In the *Kennedy* case [quoting from 1 Bishop on Marriage and Divorce, 5th ed., 1873, § 717], it is said that ' There must be either actual violence committed with danger to life, limb or health, or there must be a reasonable apprehension of such violence ' (p. 374), to constitute cruel and inhuman treatment.'' The following excerpt from the opinion of POUND, J. in *Pearson* v. *Pearson, supra* (p. 148), is also apposite: " The test of cruel and inhuman treatment where no blows are struck or threatened should be applied with great caution. Insulting and angry words may cause discomfort and annoyance, but their natural purpose and effect is neither to injure health nor to endanger reason. Incompatibility of temper is no ground for separation in New York. The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife. For such ills the patients must minister unto themselves; our courts of justice offer no cure.''

In the course of the trial the court granted both parties every consideration and afforded each the widest latitude. However, upon the evidence we are unable to agree with the court's con-

clusion that under the law defendant established a right to affirmative relief.

As to plaintiff's complaint, we find from the undisputed testimony that on October 16, 1940, defendant abandoned plaintiff. At the time, he may have mistakenly believed he had the right to do so. But we think there was no justification for the abandonment. He did not return nor did he, until required by an order of the court, make adequate provision for her maintenance and support. Plaintiff is entitled to a decree of separation because of defendant's abandonment of her on October 16, 1940. The circumstances of the parties and the financial ability of defendant were sufficiently explored at the trial to furnish a fair basis for fixing permanent alimony. It is our opinion that alimony of twenty-five dollars per week should be allowed to plaintiff.

The judgment in favor of defendant should be reversed, with costs, the counterclaim dismissed and judgment rendered in favor of plaintiff for the relief demanded by her in her complaint, with costs.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Judgment in favor of defendant unanimously reversed, with costs, the counterclaim dismissed and judgment rendered in favor of plaintiff for the relief demanded by her in her complaint, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.