Howard T. Hogan, J.
This is a consolidated action in which plaintiff seeks a judgment of separation and also to replevy certain household furnishings and defendant, by way of counterclaim, demands the return of moneys which plaintiff withdrew from a joint bank account.
The parties were married on December 5, 1954, after a short courtship. They were both gainfully employed, defendant as a film editor, and plaintiff, until the birth of her son in 1957, as an attorney at law. Defendant earned between $7,000 and $8,000 annually as a regular salary and, in addition, averaged several thousand dollars in overtime each year. Both contributed to the purchase of a home and household furniture and to joint bank accounts.
The plaintiff contends that the acts of cruel and inhuman treatment commenced about May, 1957, that these acts were substantially as follows: (a) that the defendant was so obsessed with the idea of attaining financial security that he stayed away from home as often as four nights a week and occasionally on weekends, working overtime; (b) that since the birth of the baby in October, 1957, he refused to consummate the marriage; (c) that he refused to speak to the plaintiff for long periods of time; (d) that on one occasion when she was ill with the flu, he refused to come home for fear that he would contract the germ; (e) that he was abusive, insulting and sarcastic to her in the presence of friends, family and others and that he would harrangue her until the early hours of the morning and that in March of 1958, during a snowstorm, he refused to come home to their residence and that these aforesaid acts have caused her mental suffering and distress and have created severe emotional upsets requiring medical care. It is her contention that the defendant since about October, 1957 (birth date of infant) began a systematic refusal to support her and the infant adequately and that he was “niggardly in supplying the bare necessities of food, clothing and medical care.”
The term “ cruel and inhuman treatment ” is a broad one, and as the courts have said, may include such behavior on the part of one party as may reasonably be said to affect the other physically *902 or mentally to the degree that his or her health is seriously impaired. In other words, cruelty is not limited to physical assault. Words in and of themselves under certain circumstances, may well result in cruel and inhuman treatment (Pearson v. Pearson, 230 N. Y. 141). However, each case must stand or fall on its own facts and the circumstances surrounding it. Here the court finds no evidence of any physical violence. On one occasion, plaintiff was pushed against a chair during a quarrel but otherwise the record is devoid of any assault by this defendant. The law of this State favors marriage. The most the plaintiff has established is that if she continued to live with the defendant in their Plain view home his frugality and frequent absences would make her unhappy.
Upon all the evidence, the court finds that the proof adduced by the plaintiff falls short of that which would warrant a judgment of separation upon any of the grounds set forth in section 1161 of the Civil Practice Act.
As to plaintiff’s action in replevin and defendant’s counterclaim, it appears that both parties contributed to the purchase of the furniture and the establishment of the joint bank accounts. The proof offered by each is insufficient to establish a clear right of ownership in either as against the other.
Accordingly, plaintiff’s complaints in the consolidated action and defendant’s counterclaim are dismissed, without costs to either.
Custody of the issue of the marriage is awarded to the plaintiff and defendant is directed to pay her $50 weekly for his support (Walker v. Walker, 282 App. Div. 671).
Settle order on notice providing reasonable visitation rights to the defendant.
The above shall constitute the decision of the court as required by section 440 of the Civil Practice Act.