TOMAS RIOS, Respondent, *v.* ISABEL V. RIOS, Appellant.

First Department, June 18, 1970.

*Kalman Finkel* of counsel (*Diana D. DuBroff* with him on the brief), for appellant.

*Frederick J. Miller* of counsel (*Samuel Friedlander* with him on the brief), for respondent.

McNALLY, J. In this action for divorce, the defendant wife appeals from a judgment which granted plaintiff husband a divorce pursuant to subdivision (1) of section 170 of the Domestic Relations Law, as amended.

Section 170 of the Domestic Relations Law reads as follows:

" An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds:

" (1) The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant."

Prior to 1967 a divorce could only be obtained on the ground of adultery. In 1967 the Legislature added four new grounds for divorce, one of which is quoted above. This ground for divorce parallels subdivision 1 of section 200 of the Domestic Relations Law which established the same ground for a separation.

The finding by the trial court that the husband was subjected to such inhuman treatment by the defendant as to endanger his physical or mental well-being and to render it unsafe for him to cohabit with the defendant is not supported by the record. Plaintiff husband, age 28, and defendant wife, age 37, were married in 1957. The wife had been married before and had a 15-year-old son by the previous marriage. The parties had one child, a daughter, 10 years of age at the time of trial. During the period of the marriage there were four separations and three reconciliations with periods of absence ranging from four to eight months covering the period from 1961 to 1967. Only one alleged act of violence was testified to. This occurred at the time of the first separation in 1961. Plaintiff was engaged in conversation with friends in the kitchen of the home. Their daughter created a scene and began to cry. Plaintiff told her to be quiet. Defendant then came into the kitchen, struck plaintiff and told him to get out of the house.

The law is well settled in this State that in order to obtain a separation on the ground of cruel and inhuman treatment, the plaintiff must either establish a pattern of actual physical violence or if actual violence is not involved, the conduct must be such as seriously affects the health of the spouse and threatens to impair it and renders it unsafe to cohabit. The measure of proof to sustain a divorce on the ground of cruel and inhuman treatment is no less than that required for a separation. (*Pierone* v. *Pierone*, 57 Misc 2d 516.) The record here does not evidence any such proof.

It has been held that conduct may produce such mental pain as to be even more cruel and inhuman than if physical pain had been inflicted. The conduct, however, must be of such a character as to seriously affect the health of the party seeking

the decree. Cruelty implies wantonness or the intent to inflict suffering or conduct of such character as to seriously affect or impair the health of a spouse so as to render it unsafe or improper to cohabit with the defendant. Occasional strife, lack of domestic harmony, frequent quarrels between husband and wife and incompatibility furnish no grounds for a decree. (*Avdoyan* v. *Avdoyan*, 265 App. Div. 763; *Traylor* v. *Traylor*, 3 A D 2d 727.) Plaintiff failed to show that his physical or mental condition was in any way affected by appellant's conduct. Nor did he offer any evidence which would even remotely suggest that it was unsafe to cohabit.

In *Smith* v. *Smith* (273 N. Y. 380, 383) our Court of Appeals stated the rule as follows: "Otherwise, giving plaintiff the advantage of every favorable inference that can possibly be drawn from the testimony, this record contains nothing further than that there were more or less frequent quarrels between the parties and incompatibility. That furnishes no ground for a decree of separation in this State." (*Pearson* v. *Pearson*, 230 N. Y. 141; *Morris* v. *Morris*, 260 App. Div. 6; *Greene* v. *Greene*, 244 App. Div. 219; *Donohue* v. *Donohue*, 180 App. Div. 561.) In *Pearson* (*supra*, p. 148) the following language appears: "The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife. For such ills the patients must minister unto themselves; our courts of justice offer no cure."

Accordingly, the judgment should be reversed on the law and the facts, without costs and without disbursements, and judgment directed in favor of defendant dismissing the complaint on the merits. Finding of fact No. 5 and conclusion of law No. 1 should be reversed and new findings and conclusions of law made as indicated. Conclusion of law No. 3 should be modified to provide that the Family Court of the State of New York shall have concurrent jurisdiction with regard to the amount plaintiff will pay to the defendant as and for the support and maintenance of herself and of the infant daughter. Settle order on notice making new findings of fact, conclusions of law and providing for an amended judgment.

MARKEWICH, J. (dissenting). I dissent and would affirm the judgment of divorce. Even, as the majority has done, applying the standards which obtained under the " old " law for making out a case of cruel and inhuman treatment, the trial court's findings, particularly as expressed in the separate written decision filed on February 19, 1969, are more than sufficient for this purpose. " The harassment to which he [plaintiff] was sub-

328

jected by the defendant" consisted, the trial record discloses, of false accusations of infidelity recklessly made (see *Zielinski* v. *Zielinski*, 6 A D 2d 756, affd. 6 N Y 2d 735). But we need not, indeed we should not, any longer look to the old cases by which to measure whether the old standards for cruel and inhuman treatment, as a basis for separation, apply to the new ground for divorce. This marriage, in which plaintiff husband was ordered, upon his wife's whim, to leave his home for extended periods of separation, the last one underscored by her removal of his clothes during his temporary absence from home, and punctuated by continuous unfounded accusations of infidelity, was a sick marriage, no longer viable. "Implicit in the statutory scheme is the recognition that it is socially and morally undesirable to compel a couple whose marriage is dead to remain subject to its bonds." (*Gleason* v. *Gleason*, 26 N Y 2d 28, 39). Similar expressions as to the effect of the reformed divorce law run through *Gleason* like a thread. Society is not done a service when a marriage which is one uninterrupted argument over money is forced to continue by being shrugged off as mere "incompatibility." If more were needed, let us again quote from the report of the seminar on "Matrimonial and Family Law" at the 1967 Crotonville Conference of New York State Trial Judges, cited at page 413 of the dissent in *Gleason* at the Appellate Division (32 A D 2d 402): "With respect to grounds and defenses, the panel first discussed the importance of the new ground of cruel and inhuman treatment and considered the significance of the statutory references to conduct of the defendant which ' so endangers the physical *or* mental well being of the plaintiff as renders it unsafe *or* improper for the plaintiff to cohabit with the defendant.' [Emphasis added]. Over some dissent, there was a consensus that cruel and inhuman treatment approaches and perhaps indeed encompasses incompatibility as a basis for divorce. In addition, it was generally agreed that in deciding whether an allegation of cruel and inhuman treatment has been made out in a given case, an essentially subjective standard would be used and that the fact that the conciliation procedure had failed to effect a reconciliation of the parties would be a relevant consideration." (Thirteenth Annual Report N. Y. Judicial Conference, N. Y. Legis. Doc., 1968, No. 90, p. 115.) Let us understand once and for all that the old order has changed, giving place to the new.

McGIVERN, J. P., and TILZER, J., concur with McNALLY, J.; MARKEWICH, J., dissents in opinion.

Judgment reversed on the law and the facts, without costs and without disbursements, and judgment is directed in favor of defendant dismissing the complaint on the merits. Finding of fact No. 5 and conclusion of law No. 1 are reversed and new findings and conclusions of law are made as indicated. Conclusion of law No. 3 is modified to provide that the Family Court of the State of New York shall have concurrent jurisdiction with regard to the amount plaintiff will pay to the defendant as and for the support and maintenance of herself and of the infant daughter.

Settle order on notice making new findings of fact, conclusions of law and providing for an amended judgment.