RICHARD H. HOFFMANN, Respondent, *v.* JANET B. HOFFMANN, Appellant.

First Department, June 15, 1928.

*George V. A. McCloskey* of counsel [*Henry F. Holthusen*, attorney], for the appellant.

*Arthur Garfield Hays* of counsel [*Oscar Stabiner* with him on the brief; *Hays, St. John & Buckley*, attorneys], for the respondent.

PER CURIAM. Concededly defendant abandoned plaintiff. The crucial question is whether this conduct was justified. The record discloses much right and some wrong on both sides. This marriage seems to have been founded upon mutual affection and respect, which to some extent still remains and upon which it would seem that with reasonable mutual concessions a new marital life might fairly be begun. We must, however, decide the controversy and not plan the future. While there was some provocation for the abandonment, we think it did not amount to justification. The harsh letters written in 1924 by the plaintiff are explained, even though not excused, and their writing was followed by over a year of affectionate relationship. The interference of others in the affairs of this husband and wife, the interposition of a somewhat over-rigid legalism, the resultant high-strung irritability of the plaintiff and resentment of the defendant contributed to the unfortunate separation, but fall short of justifying the defendant in pre-

cipitating it. Commendably both parties have made the welfare of their child the chief consideration of the court. The defendant herself is engaged in the performance of distinguished professional duties which cause her to be absent from the city usually for long periods in the winter months. To award the custody of the child to her is practically to award it to her mother. We have no hesitation in holding that this is not for the best interest of the child and our view that the primary custody of the child should be awarded to the father is based upon no adverse criticism of the character or conduct of the mother. Indeed, we hold that the decree should be modified in two respects as follows: *First,* it should provide that if the mother is in the city of New York during the period approximating the Christmas school holidays, the child should be with her during such period. *Second,* either party should have leave to apply for modification or further relief at any time and not merely after the child reaches the age of fourteen years. With the decree thus modified, the reasonable good sense of the parties should work out a *modus vivendi* conducive to the mutual welfare of themselves and their child.

The judgment appealed from should be modified as here indicated and as so modified affirmed, without costs of this appeal.

Present — DOWLING, P. J., MCAVOY, MARTIN, O MALLEY and PROSKAUER, JJ.; MARTIN, J., dissents.

Judgment and order modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice.