J. A. GREULICH and Others, Appellants, v. NEW YORK & QUEENS ELECTRIC LIGHT & POWER COMPANY, INC., a Domestic Corporation, Respondent.— Motion for leave to appeal to the Appellate Division denied. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

ELIZABETH HOOK, Respondent, v. HARMON NATIONAL REAL ESTATE CORPORATION, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

JOHN O'CONNELL, Appellant, v. STAFFORD ASSOCIATES, INC., Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

A. D. REALTY CORPORATION, Respondent, v. FRANCES B. DOELL, as Administratrix, etc., of ANDREW DOELL, Deceased, Appellant.— Action in ejectment. Judgment awarding possession of a parcel of real property to the plaintiff unanimously affirmed, with costs. The claim that plaintiff did not establish title in the grantors named in the deeds upon which plaintiff relied was not raised at the trial. It may not be raised for the first time on appeal. This omission could readily have been supplied if the question had been raised. Assuming, without deciding, that defendant should have been accorded a jury trial and did not waive her right thereto, no prejudice or harm resulted from the denial. The proof adduced on behalf of the defendant by way of establishing adverse possession was insufficient and did not present any issue of fact that would require submission to a jury. The defense was insufficient as a matter of law, and the plaintiff's *prima facie* case so far as right to possession was concerned, being unrebutted, plaintiff would have been entitled to the direction of a verdict. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

ABBIE BARBIERI, Appellant, v. JOSEPH BARBIERI, Respondent.— In an action for separation, the plaintiff wife alleged abandonment and cruel and inhuman treatment. The defendant pleaded justification as a defense to the charge of abandonment and counterclaimed for separation on the ground of cruel and inhuman treatment. The trial court dismissed both complaint and counterclaim on the merits. Plaintiff appeals from that part of the judgment which dismissed the complaint. Defendant does not appeal from the dismissal of his counterclaim. Judgment, in so far as it dismisses the complaint, reversed on the law, with costs, judgment granted to the plaintiff upon her cause of action for abandonment, and matter remitted to the Special Term for the fixing of alimony, unless the parties can agree upon the amount thereof. (*Risk* v. *Risk*, 202 App. Div. 299.) In our opinion (1) the abandonment was established by the evidence and in effect conceded by the defendant unless there was justification, and (2) defendant failed to establish the defense of justification. Findings of fact and conclusions of law in conformity with this decision will be made. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur. Settle order on notice.