JOSEPH L. MURPHY, Respondent, v. EDITH A. MURPHY, Appellant.— On the court's own motion, the decision of this court handed down on May 6, 1946 (*ante*, p. 938), is hereby amended to read as follows: Action by plaintiff husband against defendant wife for a separation on the ground of cruel and inhuman treatment. Defendant counterclaimed for a separation on the ground of abandonment, and also on the ground of failure to provide support. She appeals from so much of the judgment as denied her counterclaim. Judgment modified on the law and the facts by striking therefrom the provision denying defendant a separation on the ground of abandonment and inserting in place thereof a provision granting her a separation on the ground of abandonment. As thus modified, the judgment, insofar as appealed from, is unanimously affirmed, with costs to the appellant, and with leave to move at Special Term in respect of the custody of the child and for such support, if any, of the defendant wife as the circumstances of the parties justify. The following additional finding of fact and conclusion of law are made: So much of defendant's proposed finding of fact No. 30 as states that plaintiff without just cause abandoned defendant on or about October 17, 1944; and so much of defendant's proposed conclusion of law No. 2 as grants defendant a judgment of separation against the plaintiff upon the ground that plaintiff abandoned the defendant. The decision

found that the defendant was guilty of certain misconduct, but that such misconduct did not constitute such cruel and inhuman treatment as to entitle plaintiff to a decree of separation. Plaintiff acquiesced in this decision and the judgment entered pursuant thereto. It follows, therefore, that no matter how provocative and objectionable that misconduct may have been, it did not justify an abandonment of the defendant by the plaintiff, even though it furnished an explanation of that abandonment; hence defendant was entitled to a decree on her counterclaim, based on plaintiff's abandonment. (*Barbieri* v. *Barbieri*, 249 App. Div. 854; *Holmer* v. *Holmer*, 253 N. Y. 498; *Avdoyan* v. *Avdoyan*, 265 App. Div. 763; *Rosenthal* v. *Rosenthal*, 254 N. Y. 634; *Hoffmann* v. *Hoffmann*, 224 App. Div. 28.) On the trial the plaintiff sought to justify his abandonment of the defendant on the theory that her misconduct was cruel and inhuman. He did not seek to justify his leaving the defendant on the theory that she consented thereto. This may have been because the fragment of relevant testimony on this point was equivocal or because it did not evince a consent to a permanent separation. (*Mirizio* v. *Mirizio*, 248 N. Y. 175, 179.) He did not request or obtain a finding that this testimony was credited or that his abandonment was based on defendant's consent. Order denying defendant's motion for counsel fee and expenses to prosecute an appeal from the judgment insofar as it denied her a judgment of separation, reversed on the law and the facts, without costs, and the motion granted to the extent of allowing defendant a counsel fee of $50. In view of the decision in respect of the judgment, which imports merit on that appeal, this motion should have been granted. The expenses of prosecuting the appeal in other respects are covered by the costs allowed on the modification of the judgment herein. Hagarty, Acting P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.