Fred J. Munder, J.
In this action for separation the plaintiff wife alleges cruel and inhuman treatment, abandonment and nonsupport. The defendant pleads justification in defense of the charges of abandonment and nonsupport and counterclaims for separation on the grounds of cruel and inhuman treatment and such conduct on the part of the plaintiff as would render it unsafe and improper for him to cohabit with her.
The parties were married in 1934 and lived together until January, 1959. There are two children of the marriage, a daughter Teresa, 22 years of age and married, and a son Charles, 16 and living with his sister and brother-in-law.
There apparently were no serious difficulties between the parties prior to May of 1958, at which time the plaintiff started to go out frequently at night without telling her husband where she was going which, as she testified, was because of her husband’s constant abuse. On one occasion in July she was gone for several days. This led to a series of quarrels resulting in complete incompatibility. On January 2, 1959, the defendant *1082 left the marital abode and since that time has ceased to contribute to his wife’s support, but continued to pay $20 per week for his son’s support.
Other than his alleged refusal since 1953 to having any but unnatural sexual relations, which he denies, the plaintiff testified to no specific conduct that could be considered as cruel and inhuman treatment on the defendant’s part.
On the other hand he testified to several instances wherein the plaintiff used abusive language and threatened him with physical violence. On one occasion she admittedly threw a two by four and struck him with a piece of drainpipe on the arm, to prevent him from taking the family car. The defendant further contends that the plaintiff refused him normal marital relations and frequently refused to prepare his meals. On these occasions, however, her conduct may have been justified.
Up until the time of his final departure the defendant evidently provided adequate support, turning over to his wife his entire pay check each week. There is some evidence too that the plaintiff misused these funds for purposes other than the family support.
The plaintiff’s charges of cruel and inhuman treatment are unsustained. On the other hand, her displays of temper, her inattention to household duties and her mismanagement of household funds would seem to justify the husband’s refusal to live with her and his withholding of support, but with the exception of one display of violence, I do not find her conduct such as would entitle him to a judgment of separation. ‘ ‘ Incompatibility of temper is no ground for separation in New York. The misery arising out of domestic quarrels does not justify a termination of the legal rights and duties of husband and wife ”. (Smith v. Smith, 273 N. Y. 380, 384.)
The complaint and the counterclaim are accordingly dismissed.
The plaintiff’s motion for an additional counsel fee is denied.
The foregoing constitutes the decision of this court pursuant to section 440 of the Civil Practice Act and judgment is to be entered thereon.