■ BARBARA MELVILLE, Respondent-Appellant, v. FRANK MELVILLE, Appellant-Respondent.— In an action for separation, defendant husband appeals from so much of a judgment of the Supreme Court, Westchester County, dated November 2, 1966, dismissing the complaint after a nonjury trial, as awarded plaintiff alimony and an additional counsel fee; and plaintiff cross-appeals from the same judgment. Cross appeal dismissed, without costs, and judgment affirmed insofar as appealed from by defendant, without costs. By order entered January 22, 1968, this court dismissed the cross appeal "unless plaintiff file and serves [sic] a proper appendix" and withheld the determination of defendant's appeal (*Melville* v. *Melville*, 29 A D 2d 679). Plaintiff has again submitted a patently insufficient appendix. The appendix contains only those portions of the direct testimony of witnesses appearing on her behalf; her own direct testimony; and very limited excerpts of defendant's testimony. Plaintiff contends that the trial court erred in dismissing her complaint. An appellate court cannot review the weight of the evidence without an examination of all the pertinent proof. Plaintiff was afforded an opportunity to remedy the defect but her "supplemental appendix" remains wanting in that regard (see *E. P. Reynolds, Inc.* v. *Nager Elec. Co.*, 17 N Y 2d 51; CPLR 5528; Appellate Division Rules, Second Dept., part 1, rule XVI). Even on the appendix submitted by plaintiff, which is a collage of testimony meticulously culled from the transcript to present only the

testimony favorable to her contentions, we are of the opinion that she has failed to establish a cause of action. Furthermore, the supplemental appendix clearly discloses that the evidence merely supports a finding of incompatibility. The proof educed from the supplemental appendix failed to establish that the name-calling (which was denied) and bickering substantially impaired plaintiff's health (*Pearson* v. *Pearson,* 230 N. Y. 141, 148); nor is the isolated act of violence, testified to by plaintiff and denied by defendant, sufficient to warrant a decree of separation (*Schapiro* v. *Schapiro,* 27 A D 2d 667). We are also of the opinion that, under the circumstances presented, the trial court did not abuse its discretion in awarding plaintiff alimony and an additional counsel fee (*Lowe* v. *Lowe,* 28 A D 2d 212; *Zahler* v. *Zahler,* 28 A D 2d 925; *Brownstein* v. *Brownstein,* 25 A D 2d 205; *Prytherch* v. *Prytherch,* 23 A D 2d 871, affd. 16 N Y 2d 997). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.